409 F.2d 1307
 160 U.S.P.Q. 584
 CROWN MACHINE & TOOL CO., a Corporation, Plaintiff-Appellant
and Cross-Appellee,
v.
D & S INDUSTRIES, INC. (formerly Thompson Industries, Inc.),
Defendant-Appellee and Cross-Appellant.
CROWN MACHINE & TOOL CO., a Corporation, Plaintiff-Appellant
and Cross-Appellee,
v.
KVP-SUTHERLAND PAPER COMPANY, a Corporation,
Defendant-Appellee and Cross-Appellant.
 Nos. 22189, 22189-A, 23006, 23007.
 United States Court of Appeals Ninth Circuit.
 Feb. 13, 1969, Rehearing Denied in Nos. 22189, 23006 and
23007 March 17, 1969.
 
 Alfred H. Plyer, Jr., Chicago, Ill. (argued), Naylor & Neal, San Francisco, Cal., Parker, Carter & Markey, Haight, Simmons & Hofeldt, Chicago, Ill., Fennemore, Craig, Allen & McClennen, Phoenix, Ariz., for plaintiff-appellant and cross-appellee.
 Carl Hoppe (argued), James F. Mitchell, San Francisco, Cal., Snell & Wilmer, Phoenix, Ariz., Harris, Kiech, Russell & Kern, Los Angeles, Cal., for defendant-appellee and cross-appellant.
 Before HAMLEY and CARTER, Circuit Judges, and McNICHOLS, District judge.[1]
 PER CURIAM:
 
 
 1
 The first of the two above-entitled causes arose in the United States District Court for the District of Arizona (Phoenix case). The second arose in the United States District Court for the Northern District of California (San Francisco case). Both cases relate to the asserted appropriation by Thompson Industries, Inc. (Thompson) of a number of inventions allegedly covered by patents issued to Crown Machine & Tool Co. (Crown).
 
 
 2
 The inventions in controversy were machines for, and methods of, manufacturing molded polystyrene cups for holding hot liquid. Thompson made and sold machines assertedly covered by a license agreement entered into by Crown and binding on Thompson, which machines allegedly infringed Crown's appliance and method patents.
 
 
 3
 The Phoenix case was brought by Crown under 28 U.S.C. 1332 (1964), charging defendant Thompson with failure to pay royalties under an assigned patent license contract. Thompson has since been succeeded by D & S Industries, Inc., but for convenience we will refer to Thompson instead of its successor. Thompson denied liability for royalties, and counterclaimed for a declaratory judgment that no royalties were due and that machines manufactured by Thompson do not infringe Crown patents 2,951,260 (260), 3,215,780 (780), or 3,162,705 (705), and that each such patent is invalid. Thompson also asked for treble damages in the sum of $750,000 for asserted violation of the antitrust laws.
 
 
 4
 The Phoenix case was tried without a jury. In an opinion filed on May 25, 1967, and reported in 270 F.Supp. 271, the district court held that no royalties on cups from Thompson machines were due Crown under the license agreement, that the Thompson machines did not infringe any of the Crown patents, and that Crown did not violate the antitrust laws. The Phoenix court did not reach the question of validity of the patents. A decree was entered dismissing Crown's claims and Thompson's counterclaims pertaining to validity of the patents and violation of the antitrust laws. The decree contains a declaration that the Thompson machine does not infringe any of the Crown patents. Crown appealed and Thompson cross-appealed.
 
 
 5
 In the San Francisco case, brought under 28 U.S.C. 1338 (1964), Crown charged defendant KVP-Sutherland Paper Company (KVP), a purchaser and user of Thompson machines, with infringement of claim 12 of Crown's 260 patent, claims 1 and 3 of Crown's 780 patent, and the single claim of Crown's 705 patent. KVP filed an answer denying the critical allegations of the complaint and affirmatively alleging that the Crown patents are invalid, that Crown has misused the patents in a manner which violates the antitrust laws, and that Crown comes to court with unclean hands. KVP also counterclaimed for injunctive relief, an accounting, unspecified treble damages for violation of the antitrust laws, and for reasonable attorneys' fees under 15 U.S.C. 15 (1964) and 35 U.S.C. 285 (1964).
 
 
 6
 The San Francisco case was also tried without a jury. In decisions filed September 26, 1967, April 4, 1968, and April 29, 1968, reported in 297 F.Supp. 542, the district court held that claims 1 and 3 of Crown's 780 patent and the single claim of the 705 patent were invalid, that claim 12 of the 260 patent was valid but not infringed, that Crown had not violated the antitrust laws, and KVP was awarded attorneys' fees in the amount of $35,000, under 35 U.S.C. 285. A judgment was entered dismissing Crown's complaint and KVP's counterclaim under the antitrust laws, and awarding KVP attorneys' fees in the indicated amount. Crown appealed and KVP cross-appealed.
 
 
 7
 The opinions and judgments in the two district court cases were filed following the entry of detailed findings of fact and conclusions of law. In their respective opinions, the two district courts discussed the various issues in depth and dealt at length with both the facts and the relevant principles of law.
 
 
 8
 Our review of the same issues convinces us that the district courts reached the right results for the right reasons, and that a restatement, in extenso, of these reasons in this opinion would serve no useful purpose. Accordingly, we hold as follows:
 
 
 9
 1. The determination of the district court in the Phoenix suit that Thompson is not liable to Crown for royalties with regard to the manufacture and use of Thompson machines, is sustained for the reasons stated in Crown Machine & Tool Co. v. D & S Industries, Inc., 270 F.Supp. 271, 276.
 
 
 10
 2. The determination of the district court in the San Francisco suit that Crown patents 705 and 780 are invalid for obviousness, is sustained for the reasons stated in Crown Machine & Tool Co. v. KVP-Sutherland Paper Company, 297 F.Supp. 542. (Tr. 68, 80)
 
 
 11
 3. If this court is mistaken in sustaining the determination of the district court in the San Francisco suit that Crown patents 705 and 780 are invalid, then the determination of the district court in the Phoenix suit that the Thompson machines do not infringe those patents, is sustained for the reasons stated in 270 F.Supp. at 277-278.
 
 
 12
 4. The determination of the district court in the San Francisco suit that claim 12 of Crown patent 260, if broadly read, is invalid for obviousness, but if narrowly read, is valid, is sustained for the reasons stated in Crown Machine & Tool Co. v. KVP-Sutherland Paper Company, 297 F.Supp. 542. (Tr. 87-89)
 
 
 13
 5. The determination of the district court in the San Francisco suit that if claim 12 of Crown's 260 patent is narrowly read and thereby valid, it is not infringed by the Thompson machines, is sustained for the reasons stated in Crown Machine & Tool Co. v. KVP-Sutherland Paper Company, 297 F.Supp. 542. (Tr. 92)
 
 
 14
 6. The determination of the district courts in both suits that Crown is not liable to defendants under the antitrust laws is sustained for the reasons stated in the two reported district court decisions referred to above, 270 F.Supp. at 278-280, and 297 F.Supp. at 568. (Tr. 97)
 
 
 15
 7. The determination of the district court in the San Francisco suit, awarding KVP attorneys' fees in the sum of $35,000, is sustained for the reasons stated in 297 F.Supp. 542. (Tr. 98, 122, 123)
 
 
 16
 The judgments are affirmed on the appeals and cross-appeals for the reasons approved herein.
 
 
 
 [1]
 The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation